UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MAGDALENA ANDUJAR,

                      Plaintiff,

    -against-

PURCHASE STREET VENTURES CORP d/b/a
GREAT STUFF APPAREL INC., DINA GROSSMAN
NÉE FRIEDMAN AND ADAM FRIEDMAN,

                    Defendants.
------------------------------------------------------------------x

**ORDER**

24 Civ. 4862 (JCM)

Plaintiff Magdalena Andujar commenced this action against Defendants Purchase Street Venture Corporation d/b/a Great Stuff Apparel Inc., Adam Friedman, and Dina Grossman Née Friedman, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as well as the New York Labor Law, § 190, *et seq.* (Docket No. 6). She also asserted claims for discrimination, failure to accommodate, hostile work environment, and retaliation under federal and state law. (*Id.*). Defendants deny these allegations. (Docket No. 15). On April 17, 2025, the parties submitted a Settlement Agreement and General Release ("Agreement") for the Court's review, (Docket No. 41-1), accompanied by a joint letter motion in support of the Agreement, (Docket No. 41), a damage computation, (Docket No. 41-2), and attorney time records and costs, (Docket No. 41-3).[1]

"In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and

---

[1] On October 7, 2024, the parties consented to the jurisdiction of the undersigned over this matter for all purposes pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Docket No. 20).

1

defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc.*, No. 10 Civ. 3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). "The ultimate question is whether the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* (internal quotations and citations omitted).

Here, the parties engaged in early settlement discussions and focused on resolving the matter before extensive discovery was conducted. "There is much to be admired in this approach, which conserves both attorney time and judicial resources." *Plizga v. Little Poland Rest. Inc.*, No. 15-cv-08820 (LAK)(BCM), 2016 WL 9307474, at *5 (S.D.N.Y. July 18, 2016). In addition, based on my review of the Agreement, as well as the entire record, I find that the Agreement was the product of arm's-length negotiations between able counsel, and that the terms of the Agreement, including an award of Plaintiff's counsel's fees in the amount of one-third of the total settlement amount,[2] are a fair and reasonable resolution of the case. *See Johnson v. Brennan*, No. 10 Civ. 4712(CM), 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.") (citations omitted). Finally, the parties have discontinued the FLSA claims with prejudice and entered into a private, confidential settlement of the remaining non-wage and hour claims. The Court has reviewed *in camera* the settlement agreement relating to the non-FLSA claims and finds that it does not modify or affect the Agreement, and the

---

[2] The approval of the attorneys' fees award does not constitute an endorsement that the hourly rates and hours expended are reasonable.

2

confidentiality provisions in the private agreement do not extend to the Agreement. Therefore, the Court finds the bifurcated settlement acceptable. Accordingly, after considering all of the *Wolinsky* factors, the Court finds the settlement is fair and reasonable, and, therefore, approves the Agreement.

The parties are directed to file a joint stipulation of dismissal with prejudice by June 13, 2025. The Court will retain jurisdiction for the limited purpose of enforcing the settlement agreement.

Dated: June 5, 2025
       White Plains, New York

                            **SO ORDERED:**

                            _____
                            JUDITH C. McCARTHY
                            United States Magistrate Judge